UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

UNITED STATES OF AMERICA,                          CR 98-370-RE
                                                   CV 03-342-RE
         Plaintiff-Respondent,
                                                   OPINION AND ORDER
         v.

HANS CARL SHERRER, a.k.a.
      Tom Cutter

         Defendant-Petitioner.
_____

REDDEN, Judge:

      Before the court is defendant Hans Carl Sherrer's motion (doc. 217) to vacate, correct, or

set aside his sentence pursuant to 28 U.S.C. § 2255 ("2255 motion").  For the reasons set out

below, the motion is DENIED.

PAGE 1 - OPINION AND ORDER

# I. Background[1]

On June 7, 2000, a jury found defendant Hans Carl Sherrer guilty on two counts of willfully failing to report the transportation of monetary of more than $10,000, in violation of 31 U.S.C. §§ 5316 and 5322.[2]  On October 27, 2000, I sentenced defendant to 24 months imprisonment and three years supervised release.  Defendant appealed the conviction raising five trial errors: (1) insufficiency of the indictment for failure to specify the necessary intent under Section 5316; (2) erroneous jury instructions under Ratzlaf v. United States, 510 U.S. 135 (1994); (3) Fourth Amendment violation as to search and seizure of the checks; (4) court error in admitting character and prior bad acts evidence; and (5) insufficient evidence to establish that the checks were "monetary instruments," that he had notice of the requirement, or that he had specific intent to violate the statute.  The Ninth Circuit resolved all of those claims against defendant and affirmed the judgment of conviction.  United States v. Sherrer, 18 Fed. Appx. 651 (9th Cir. 2001), cert. denied, 535 U.S. 944 (Mar. 18, 2002).

On March 17, 2003, defendant filed the present motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255, asserting various claims of ineffective assistance of trial counsel.  On January 21, 2004, the court signed a protective order authorizing defendant's trial counsel, Brett Purtzer, to disclose attorney-client privileged material related to defendant's ineffective assistance of counsel claims.  On May 28, 2004, Purtzer responded to defendant's

---

[1]Because the parties are familiar with the factual background and prior proceedings in this case, I need not recite them in detail.

[2] 31 U.S.C. § 5316 requires any person who "knowingly . . . transports . . . more than $10,000 at one time from a place in the United States to or through a place outside the United States" to file a report with the Secretary of Treasury.  31 U.S.C. § 5316.  "A person willfully violating" the reporting requirement is subject to criminal penalties.  31 U.S.C. § 5322.

PAGE 2 - OPINION AND ORDER

claims of ineffective assistance of counsel in the form of an affidavit.

## II. Legal Standards

To prevail on a claim of ineffective assistance of counsel, a defendant must show that: (1) his counsel's performance was deficient (*i.e.*, counsel made errors "so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment"); and (2) the deficient performance prejudiced the defendant (*i.e.*, "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable"). Strickland v. Washington, 466 U.S. 668, 687-690 (1984). To establish deficient performance of counsel, the defendant must demonstrate that counsel not only committed errors, but that counsel's performance fell below an objective standard of reasonableness. Id. at 688. To establish prejudice, a defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Prejudice requires more than a speculative suggestion that the outcome of the proceeding would have been different. Lochart v. Fretwell, 506 U.S. 364, 369-70 (1993). Rather, the claimant must show that the errors "actually had an adverse effect on the defense." Strickland, 466 U.S. at 693. In other words, the claimant must show that "absent the errors, the fact finder would have had a reasonable doubt respecting guilt." Id. at 695. If the defendant fails to satisfy either prong of the Strickland test, the court need not consider the other. Id. at 700.

Review of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct falls within the "wide range of reasonable professional assistance." Id. at 689. Courts are directed to avoid second-guessing with the benefit of hindsight. United States v. Thomas, 417 F.3d 1053, 1056 n.1 (9th Cir. 2005). Instead, a claim of ineffectiveness must be

considered in light of the totality of the evidence before the judge or jury.  Strickland, 466 U.S. at 695.  Finally, it is not ineffective assistance of counsel to fail to raise a meritless claim. Baumann v. United States, 692 F.2d 565, 572 (9th Cir. 1982).

### III. Discussion

In his 2255 motion, defendant alleges nineteen claims of ineffective assistance of trial counsel.[3]  Grounds 22, 23, 24, 25, and 28 allege various deficiencies in dealing with jury instructions.  Grounds 5, 11, 14 and 16 allege trial counsel committed prejudicial error by failing to object to prior bad acts and character evidence.  Ground 9 alleges trial counsel failed to object to prejudicial voir dire questioning by the court.  Grounds 1, 2, 3, 5, 11, and 12 allege trial counsel erred in failing to introduce exculpatory evidence or testimony.   Ground 20 alleges failure to move to suppress seized evidence.  Grounds 17, 18, and 19 allege trial counsel failed to challenge the indictment. Ground 21 alleges defendant's trial counsel failed to challenge the constitutionality of the customs reporting statute.

### A. Jury Instructions

At trial, the court instructed the jury that to find defendant guilty of failing to file customs reports in violation of 31 U.S.C. §§ 5316 and 5322, the government must prove beyond a reasonable doubt that the defendant: (1) knowingly transported a monetary instrument of more

---

[3]Defendant initially alleged 28 separate grounds for relief, all asserting ineffective assistance of counsel.  By letter dated May 24, 2004, defendant's court-appointed counsel informed the government that defendant had withdrawn grounds 4, 6, 7, 8, 10, 13, 15, 26, and 27.  Because many of the remaining 19 grounds for relief  raise closely related legal issues and rely on similar factual bases, the parties do not separately address each claim.  I will follow suit and group the claims for relief into sections based on common factual and legal arguments. Additionally, I will address defendant's claims in the order he addresses the claims in his Memorandum in Support.

PAGE 4 - OPINION AND ORDER

than $10,000 from the United States to a place outside of the United States; (2) knew he was required to file a report about the transport; (3) failed to file the report; and (4) acted willfully in failing to file the report. The court then instructed the jury that "[a]n act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful." The court also instructed the jury that "[a]n act is done willfully if done voluntarily and intentionally with the purpose of violating a known legal duty."

Defendant argues that to find him guilty of "willfully violating" Section 5316's reporting requirement, the government had to prove, and the jury had to be instructed, that he acted with "knowledge of the reporting requirement and a specific intent to commit the crime, *i.e.*, a purpose to disobey the law." Ratzlaf, 510, U.S. at 141 (internal quotations omitted; emphasis in original).[4] Defendant contends that the jury instructions relieved the government of its burden of proof because the "knowingly" instruction stated, in part, that it was not necessary to prove that defendant knew that his acts were unlawful. In Grounds 22, 23, 24, 25, and 28, defendant alleges that trial counsel was constitutionally ineffective for failing to request a specific intent instruction as required by Ratzlaf v. United States, 510 U.S. 135 (1994), and failing to object to jury instructions that were "clearly and obviously contrary to Ratzlaf." Mem. in Supp., at 22.

Defendant's claims must fail because he challenged the adequacy of the jury instructions

---

[4]Though the defendant in Ratzlaf was charged with "willfully" structuring transactions to evade reporting requirements in violation of 31 U.S.C. §5324, the Court made clear that Section 5322's "willfulness" requirement applies to prosecutions under 31 U.S.C § 5316. Ratzlaf, 510 U.S. at 141-42 (collecting cases and noting that Section 5522's omnibus 'willfulness' requirement has been consistently applied by the Courts of Appeals to other currency reporting provisions in the same subchapter).

on direct appeal and the Ninth Circuit expressly rejected his claim, concluding that "[u]nlike

Ratzlaf . . . , the term 'wilfully' was properly defined to require knowledge that the defendant's

actions were unlawful."  Sherrer, 18 Fed. Appx. at 655 (citation omitted; emphasis added).  In so

holding, the Ninth Circuit explained:

> [a]ny ambiguity created by a general definition of 'knowingly' was less likely to
> mislead the jury because the earlier instructions required the defendant to have
> 'willfully' failed to file a report; 'knowingly' was used only to describe the
> required intent for transportation of a monetary instrument.  Moreover, during
> closing argument, the prosecution devoted a substantial amount of time arguing to
> a jury that Sherrer knew he was violating the reporting requirements when he sent
> the checks.  The defense also focused heavily on the same issue, arguing to the
> jury that Sherrer did not and could not have known that his conduct would violate
> the reporting requirements.  Under these circumstances, there is 'no reasonable
> likelihood that the jury applied the instructions incorrectly.' . . . Furthermore, any
> error here was not unduly prejudicial in light of the strength of the evidence of
> specific intent.

Id. (citations omitted; emphasis added).  The Ninth Circuit concluded that even if it was error to

provide a general "knowingly" instruction, "the error did not affect the defendant's substantial

rights or the fairness or integrity of the proceedings."  Id. (emphasis added).

    In light of the Ninth Circuit's express findings that the jury instructions "properly

defined" the term "willful" and that they did not cause prejudice, defendant's present claims of

ineffective assistance related to the jury instructions must fail under the "law of the case"

doctrine.  See Thomas v. Bible, 983 F.2d 152, 154 (9th Cir. 1993) (Under the "law of the case"

doctrine, "a court is generally precluded from reconsidering an issue that has already been

decided by . . . a higher court in the identical case."); see also Odom v. United States, 455 F.2d

159, 160 (9th Cir. 1972) ("The law in this circuit is clear that when a matter has been decided

adversely on appeal from a conviction, it cannot be litigated again on a 2255 motion.").  To

conclude otherwise, this court would have to find that: (1) the instructions were, in fact,

PAGE 6 - OPINION AND ORDER

erroneous, (2) there was a "reasonable likelihood that the jury applied the instructions incorrectly," Jones v. United States, 527 U.S. 373, 390 (1999), and (3) trial "counsel's errors were so serious as to deprive the defendant of a fair trial." Strickland, 466 U.S. at 887. Each of those conclusions would be directly contrary to the Ninth Circuit's express findings—an impermissible result. As such, defendant's claims of ineffective assistance related to the jury instructions are foreclosed by the Ninth Circuit's express rulings in this case.

Massaro v. United States, 538 U.S. 500 (2003), does not alter the analysis. In Massaro, the Supreme Court held that a defendant who failed to raise an ineffective assistance of counsel claim on direct appeal was not procedurally barred from raising the claim in a subsequent 2255 motion. Id. at 509. Here, defendant's claims related to the jury instructions are not barred because he failed to raise them on direct appeal. Rather, his claims are barred because the Ninth Circuit already ruled that the jury instructions were adequate and in any event, defendant was not prejudiced. Massaro involved the applicability of the procedural default rule, not the "law of the case doctrine." Accordingly, Massaro is inapposite and defendant's claims fail.

B. Prior Bad Acts and Character Evidence

At trial, the court admitted evidence of defendant's failure to file income tax returns, his use of code names, his use of a false social security number, his dealings with overseas banks, his business practices, and testimony from several bank employees that defendant expressed interest in avoiding currency reporting requirements by structuring financial transactions. Over defendant's objections, the court admitted that evidence because it was relevant to defendant's motive and his intent to avoid customs reporting requirement. In Grounds 5, 11, 14 and 16, defendant alleges, inter alia, that trial counsel committed prejudicial error in failing to object to

the prior bad acts and character evidence on the grounds that defendant's motive to conceal

financial transactions was irrelevant under <u>Ratzlaf</u>.

Like his claims of ineffective assistance related to the jury instructions, defendant's

claims related to the prior bad acts and character evidence must fail under the "law of the case"

doctrine.  On direct appeal, the Ninth Circuit held, "[e]vidence that Sherrer had not filed income

tax returns for 20 years, despite earning substantial income, engaged in suspicious cash

transactions, and used false social security numbers on his financial documents <u>was relevant to</u>

<u>show his motive</u> for concealing the money and his failure to file a report."  <u>Sherrer</u>, 16 Fed.

Appx. at 656 (quotation marks omitted; emphasis added).  The Ninth Circuit specifically

concluded that such evidence was relevant to motive and "tend[ed] to show specific intent" to

violate the customs reporting requirement.  <u>Id</u>. at 657.  Defendant's argument that motive

evidence was irrelevant to show intent is foreclosed by the Ninth Circuit's specific findings to the

contrary.  As such, defendant's present claim that trial counsel erred in failing to object to that

evidence must fail.

In any event, defendant's trial counsel did object to much of the evidence that the

government sought to introduce under Fed. R. Ev. 403 and 404(b).  As a result, the court

admitted some of that evidence and excluded other evidence.  It cannot be said that this was

ineffective assistance of counsel.

<u>C. Voir Dire</u>

During voir dire, the court asked prospective jurors whether they were associated with

various anti-government or anti-tax organizations and publications.  In Ground 9, defendant

alleges that the court's questions irreparably tainted the jury pool because the questions implied

that defendant was associated with those groups.  Defendant also contends that his trial counsel was constitutionally ineffective for failing to object to those voir dire questions.  Defendant argues that because the tax count was dismissed, his attitudes regarding taxes were irrelevant under Ratzlaf.

To the extent defendant suggests that the court erred with respect to voir dire, the claim is barred by procedural default.  See United States v. Frady, 456 U.S. 152, 166 (1982) (Claims not raised previously, although previously available, are barred by procedural default absent a showing of cause and actual prejudice.).  Defendant failed to raise the claim in this court, or on direct appeal and defendant has not demonstrated cause or prejudice.  Defendant defaulted the claim.

I am not persuaded that trial counsel erred in failing to object to the questions.  District courts have broad discretion to determine the scope of voir dire.  Fed. R. Cr. P. 24; United States v. Mitchell, 502 F.3d 931, 952 (9th Cir. 2007).  The questions in this case were designed to uncover bias toward either the government or the defendant.  The questions were reasonably calculated to allow both parties to effectively and intelligently exercise their peremptory challenges.  I find no error in trial counsel's decision not to object to voir dire.

Even if trial counsel's failure to object to the questions was error, defendant has failed to show that the error "actually had an adverse effect on the defense."  Strickland, 466 U.S. at 693.  "It is not sufficient to  show that the error had some conceivable effect on the outcome of the proceeding."  Id.  Rather, defendant must establish a reasonable probability that, but for the error, the outcome would have been different.  Defendant's argument that the voir dire questions "doomed" his trial is speculative.  As such, the claim fails.

PAGE 9 - OPINION AND ORDER

D. Failure to Call Witnesses

In Ground 1, defendant claims that his trial counsel committed prejudicial error by failing to introduce testimony from a U.S. Customs Agent in Bellingham, Washington, who would have testified that defendant was not required to file a report on business checks sent overseas under 31 U.S.C. § 5316. Defendant argues that this testimony could have "reinforc[ed] the assertion that [defendant] lacked the requisite knowledge and intent" to violate the reporting requirement. Mem. in Supp., at 31. I disagree.

A review of the transcript reveals that the two Customs agents that did testify at trial provided testimony helpful to defendant on the issue of knowledge of the reporting requirement. The record also indicates that the government proffered substantial affirmative evidence of defendant's knowledge of the reporting requirement. The defendant also focused on the issue at trial. In light of the extensive evidence of defendant's knowledge of the reporting requirements and the favorable testimony provided by the U.S. Customs agents, I find no error in trial counsel's decision not to call another customs agent to the stand. Even assuming error, defendant has failed to show that the error "actually had an adverse effect on the defense." Strickland, 466 U.S. at 693. As such, the claim is denied.

In Ground 2, defendant claims that his trial counsel committed prejudicial error by failing to call his private investigator, Kara Beus, to testify about her trip to the Bahamas. Ms. Beus would have testified that during her trip to the Bahamas she did not observe any notices informing a traveler that the currency reporting requirement covered business checks mailed out of the country. She also would have testified that she did not observe any such notices in Portland-area Federal Express ("FedEx") offices. At trial, however, U.S. Customs investigator

PAGE 10 - OPINION AND ORDER

Dale Hillman testified that any notices to international travelers or FedEx customers regarding currency reporting requirements did not expressly include the mailing of checks from the United States to a foreign country. This is exactly the point defendant claims Ms. Beus would have made if called to testify. As such, Ms. Beus' testimony was unnecessary, and I find no error in trial counsel's decision not to call her to the stand.

      E. Failure to Introduce Evidence

      In Ground 3, defendant complains of trial counsel's failure to offer a fax communication, purportedly sent by defendant, using a code name, to the Suisse Security Bank and Trust in the Bahamas. Defendant argues that the letter demonstrates that defendant had no knowledge of the reporting requirement at the time U.S. Customs seized his checks in this case. As trial counsel Purtzer points out, however, the document is inadmissible hearsay. Purtzer Aff., Exh. 2 to Ans. in Opp., at 3. Trial counsel Purtzer also indicates that he discussed this issue with defendant, who agreed that the document should be excluded given the risks of testifying on the issue. Id. Further, the letter provides additional and damaging evidence of defendant's use of aliases in conducting overseas business transactions. It was a reasonable trial strategy to avoid these difficulties, and focus instead on limiting the government's evidence. It cannot be said that this was ineffective assistance of counsel.

      In Grounds 5 and 11, defendant complains of trial counsel's failure to offer a 1995 letter from the Internal Revenue Service ("IRS"), which indicated that the agency would not be filing any criminal charges against defendant for the tax years 1988-1994. As trial counsel points out, the government dismissed the tax charges against defendant prior to trial. Id. at 4. As such, there was no reason to introduce prejudicial information that defendant was under investigation for tax

evasion.  The letter was not relevant to defendant's knowledge of, or intent to violate the customs

reporting charges.  Trial counsel also indicated that he warned defendant that introducing the

letter would be risky and defendant agreed with trial counsel's decision not to use the IRS letter.

Id.  Given trial counsel's strategy of minimizing the government's evidence, I find no error in

trial counsel's decision not to introduce the potentially damaging letter.  See Adams v.

Wainright, 709 F.2d 1443, 1445 (11th Cir. 1983) (A tactical decision amounts to ineffective

assistance "only if it was so patently unreasonable that no competent attorney would have chosen

it.").

    F. Seized Evidence

        In Ground 20, defendant claims that trial counsel was constitutionally ineffective for

failing to seek suppression of evidence seized in violation of Rule 41(d), as interpreted by the

Ninth Circuit in United States v. Gantt, 194 F.3d 987 (9th Cir. 1999).  I disagree.

        At the time of the search of defendant's residence on May 31, 1996, Rule 41(d) provided

in pertinent part:

> [t]he officer taking property under the warrant shall give to the person from whom
> or from whose premises the property was taken a copy of the warrant and a
> receipt for the property taken or shall leave the copy and receipt at the place from
> which the property was taken . . . ."

In Gantt, the Ninth Circuit held that "[a]bsent exigent circumstances, Rule 41(d) requires service

of the warrant at the outset of the search on persons present at the search of their premises."

United States v. Gantt, 194 F.3d 987, 1000-01 (9th Cir. 1999) (emphasis added).  The Ninth

Circuit acknowledged, however, that "technical" violations of Rule 41(d) require suppression

only if there was a "deliberate disregard of the rule or if the defendant was prejudiced."  Id. at

994-95.

PAGE 12 - OPINION AND ORDER

Here, defendant's claim that trial counsel committed prejudicial error in failing to move to suppress evidence is without merit. Although the federal agents did not provide defendant with a copy of the search warrant "at the outset of the search," they substantially complied with the terms of the rule under the prevailing law at the time of the search. Three years after the search in this case, the Ninth Circuit held that Rule 41(d) required service of the warrant "at the outset" of the search. As such, it is difficult to see how defendant could have demonstrated federal agents deliberately violated Rule 41(d) under Gantt. Defendant acknowledges receiving a copy of the warrant after the search. Further, defendant has failed to demonstrate any prejudice as a result of the search. Defendant does not contend that the underlying warrant was invalid. Nor does he point to any specific evidence that trial counsel should have moved to suppress. Because defendant would not have been able to demonstrate either deliberate disregard of Rule 41(d) or prejudice, a motion to suppress evidence would not have had any reasonable chance of success. In light of the substantial evidence of defendant's guilt in this case, there is no reasonable probability that the outcome of the case would have been different had defendant filed a motion to suppress under Rule 41(d). Strickland, 466 U.S. at 694. As such, Ground 20 is denied.

G. Mutual Legal Assistance Treaty

In Ground 12, defendant complains of trial counsel's failure to object to prejudicial evidence obtained by the government pursuant to the Mutual Legal Assistance Treaty ("MLAT") with the Bahamas. It is undisputed that during the course of this investigation, the government invoked the MLAT to obtain information related to defendant's financial activities in the Bahamas. As the government points out, however, no evidence flowing from that treaty request

was used at trial.  Accordingly, defendant's claim is without merit.

### H. Indictment

In Grounds 17, 18, and 19, defendant alleges trial counsel was ineffective in failing to move to dismiss the indictment for failure to allege specific intent to violate 31 U.S.C. § 5316. Defendant raised this issue on direct appeal and the Ninth Circuit rejected his claim, concluding that "[n]o essential element of the offense, express or implied, was omitted in either count.  Thus, the indictment was clearly sufficient." Sherrer, 18 Fed. Appx. at 655 (emphasis added).  Like his claims related to the jury instructions and prior bad acts evidence, defendant's claims that trial counsel erred in failing to challenge the sufficiency of the indictment are precluded by the Ninth Circuit's express finding that the indictment was, in fact, sufficient.  Thomas v. Bible, 983 F.2d at 154.  It is not ineffective assistance of counsel to fail to raise a meritless claim.  Baumann, 692 F.2d at 572.  As such, Grounds 17, 18, and 19 fail.

### I. Constitutional Vagueness of 31 U.S.C. § 5316

In Ground 21, defendant claims that 31 U.S.C. § 5316 is unconstitutionally vague, and that his trial counsel was ineffective for failing to challenge the statute on that ground.  To the extent defendant contends the statute is unconstitutionally vague, the claim is barred by procedural default because defendant failed to raise the claim in this court, or on direct appeal. Frady, 456 U.S. at 166.

Defendant's argument that his trial counsel was constitutionally ineffective for failing to challenge the statute on vagueness grounds is without merit.  Trial counsel Purtzer indicated that defendant never suggested he was entrapped due to the vagueness of the statue and in any event, the evidence did not support such a defense.  Purtzer Aff., at 6.  Purtzer also stated that he did

not believe that a challenge for vagueness would have had a reasonable chance of success.  Id.  I

agree.  Defendant neither cites, nor is the court aware of any authority to support his argument

that Section 5316 is unconstitutionally vague.  It is not ineffective assistance of counsel to fail to

raise a meritless claim.  Baumann v. United States, 692 F.2d at 572.

## IV. Conclusion

For the reasons stated above, defendant's motion (doc. 217) to vacate, correct, or set aside

his sentence pursuant to 28 U.S.C. § 2255 is DENIED.

IT IS SO ORDERED.

DATED this  13th  day of May, 2008.


/s/ James A. Redden
James A. Redden
United States District Judge

PAGE 15 - OPINION AND ORDER